WALTON & WALTON, LLP
L. RICHARD WALTON (SBN 226703)
rwalton@taxtriallawyers.com
13700 Marina Pointe Drive, Suite 920
Marina del Rey, California 90292
Telephone: (310) 363-7321
Facsimile: (310) 464-3057

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAIRE KIMBLE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FAITH MEDIA DISTRIBUTION, LLC, a California Limited Liability Company; **FAITH MEDIA DISTRIBUTION, INC.**, a California Corporation; **YOLANDA HALLEY**, an individual; **IMANI HALLEY**, an individual; **DOES 1 through 10**, inclusive; and **ROES 11 through 20**, inclusive,<br><br>Defendants. | Case No. 2:23-cv-09420-HDV-KS<br><br>**STIPULATION FOR ENTRY OF JUDGMENT** |

Plaintiff CLAIRE KIMBLE ("Plaintiff" or "Kimble") and Defendants Faith Media Distribution, LLC; Faith Media Distribution, Inc.; Yolanda Halley; and Imani Halley (together "Halley Parties") hereby stipulate as follows:

1.   This Court has jurisdiction over the subject matter of the Complaint filed in this action.

2. Venue in this Court is proper.

3. The parties consent to entry of a final judgment by this Court.

4. For the purposes of potential bankruptcy, the factual allegations set forth in Paragraphs 16-35, 37-45, 47-54, and 78-86 are all true and correct, and support a finding that the Halley Parties are indebted to Plaintiff in the principal sum of $1,501,667.00, for obtaining the use of funds by fraud.

6. The parties agree that a non-dischargeable Judgment pursuant to 11 U.S.C. 523(a)(2)(A) shall be entered immediately in favor of Plaintiff and against the Halley Parties, jointly and severally, in the sum of $1,501,667.00 ("Judgment").

7. The parties agree to the following terms and conditions regarding the satisfaction of the Judgment:

   (a) The Halley Parties shall pay Plaintiff a total of $1,501,667.00 within 60 days of fully executing the settlement agreement between them.

   (b) The Halley Parties shall have no more than five business days' grace period to ensure good funds are delivered for each of the payments called for herein.

   (c) In the event the Halley Parties fail to timely pay Plaintiff any of the aforementioned installments due under the terms of the Settlement Agreement, the Plaintiff may, at its option, declare the entire sum of $1,501,667.00 immediately due and payable, after giving credit for all payments made to date, plus reasonable attorney's fees and costs of enforcement as agreed to herein and in the Parties' Settlement.

   (d) All payments shall be made payable to "Walton & Walton, LLP Client Trust Account" and delivered to L. Richard Walton, Walton & Walton, LLP, 13700 Marina Pointe Drive, Suite 920, Marina del Rey, California 90292, or any other address designated in writing by Plaintiff's counsel, or via wire.

8. So long as Defendants continue to make payments in accordance with the payment schedule set forth above, Plaintiff shall take no further steps with respect to entry or enforcement of this Judgment. Should Plaintiff not timely receive any

single payment in accordance with the payment schedule set forth above, Plaintiff may, at its option, proceed with immediate entry of, and execution upon, this Judgment as set forth herein. Should the judgment not be promptly paid, and only in the event entry becomes necessary, the Parties agree it shall begin accruing judgment interest at 10% per annum commencing upon entry, on whatever amount is due after the additions and subtractions set forth herein. No other or further notice must be given to the Halley Parties or their counsel.

9. The Halley Parties waive any right to contest the Complaint or any Judgment entered against them based upon notice, payment or cure of default, or any other grounds. The Defendants waive all right of appeal with respect to this or any other Judgment that may be entered in furtherance of enforcing this Judgment.

10. The Parties agree that all statutes of limitations, repose, laches, or any similar doctrines of any kind or nature associated with this case shall be tolled during the pendency of this Stipulation.

11. Each party further acknowledges and represents that, in executing this Stipulation, it fully understands the terms, conditions and consequences of this Stipulation. Each party further acknowledges and represents that, in executing this Stipulation, it has not relied on any inducements, promises, or representations made by the other party or any person representing the other party. Each party acknowledges and represents that they have had the opportunity to consult with counsel and that their respective attorneys have explained the terms and conditions of this Stipulation and their consequences.

12. The parties acknowledge and agree that each of them will bear their own costs, expenses, and attorneys' fees arising out of and/or connected with the negotiation, drafting and execution of this Stipulation, and all matters arising out of or connected therewith; provided that, in the event any subsequent action, proceeding or motion is brought by any party to enforce the terms of this Stipulation or the Judgment, the prevailing party in such action, proceeding or motion shall be entitled

to reasonable attorneys' fees and costs in addition to all other relief to which that party or those parties may be entitled.

13. This Stipulation is the product of negotiation and preparation by and among the parties hereto and their respective attorneys. The parties, therefore, expressly acknowledge and agree that this Stipulation shall not be deemed prepared or drafted by one party or the other, or his or its attorneys, and will be construed accordingly.

14. It is the intent of the Parties that this Stipulation shall be enforced to the fullest extent possible. If any provision or any part of any provisions of this Stipulation is for any reason held to be invalid, unenforceable or contrary to any public policy, law, statute, and/or ordinance, then the remainder of this Stipulation shall not be affected thereby and shall remain valid and fully enforceable.

15. This Stipulation may be executed in counterparts and so executed shall constitute an agreement which shall be binding upon all parties hereto, notwithstanding that the signatures of all parties and/or their designated representative do not appear on the same page. A photocopy, PDF, electronic signature, or facsimile copy of a signature to this Stipulation shall be as equally binding and enforceable as the original and may be filed in its absence.

16. This judgment can be entered in this case, or any other case number which may be assigned to this matter, so that this judgment may be entered and given full force and effect.

17. RETENTION OF JURISDICTION. Courtroom 5B of the United States District Court shall retain jurisdiction to enforce the provisions of this Stipulation, and the Judgment, until such time as all obligations under this Stipulation and the Judgment are discharged. By their signatures below, the Parties so stipulate and agree that Courtroom 5B of the United States District Court retain jurisdiction of this matter to enforce its terms and conditions as necessary.

IT IS SO AGREED:

Dated: March 11, 2024

_____
Claire Kimble

Dated: March 19, 2024

_____
Imani Halley

Dated: March 11, 2024

_____
Yolanda Halley

Dated: March 11, 2024

_____
Faith Media Distribution, Inc.

By: Imani Halley
Its: CEO

Dated: March 11, 2024

_____
Faith Media Distribution, LLC

By: Imani Halley
Its: CEO

Dated: March 11, 2024

_____
Champagne, LLC

By: Imani Halley
Its: CEO

5
STIPULATION FOR ENTRY OF JUDGMENT

Dated: March 11, 2024

*Imani Halley*

Dynasty, Inc.

By: Imani Halley

Its: CEO

Dated: March 11, 2024

*Imani Halley*

International Gangster, LLC

By: Imani Halley

Its: CEO